JONATHAN E. NUECHTERLEIN
General Counsel
CHARLES A. HARWOOD
Regional Director
ELEANOR DURHAM MD Bar
Email:  edurham@ftc.gov
Federal Trade Commission
915 2nd Ave., Suite 2896, Seattle, WA 98174
(206) 220-4476 (Durham)
(206) 220-6366 (fax)
STACY PROCTER, CA Bar # 221078
Email:  sprocter@ftc.gov
10877 Wilshire Blvd., Suite 700, Los Angeles, CA 90024
(310) 824-4343 (Procter); (310) 824-4330 (fax)
Attorneys for Plaintiff Federal Trade Commission

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | No. LACV-16-1048 (ODW) JPRx |
| Plaintiff, | [PROPOSED] PRELIMINARY INJUNCTION WITH ASSET FREEZE, APPOINTMENT OF RECEIVER, LIMITED EXPEDITED DISCOVERY, AND OTHER EQUITABLE RELIEF AS TO DEFENDANTS TOBIAS AND KOMAL WEST |
| vs. | |
| GOOD EBUSINESS, LLC, also d/b/a AAP Firm; Student Loan Help Direct; Select Student Loan; SELECT STUDENT LOAN HELP, LLC; SELECT DOCUMENT PREPARATION, INC.; TOBIAS WEST aka Tobey West, Toby West, and Eric West; and KOMAL WEST, | |
| Defendants. | |

1

Plaintiff, Federal Trade Commission ("FTC"), filed its Complaint for Permanent Injunction and Other Equitable Relief and *Ex Parte* Application for Restraining Order with Asset Freeze, Appointment of Receiver, and Other Relief and Order to Show Cause Why Preliminary Injunction Should Not Issue ("Order") on February 16, 2016.  The Court entered the requested Order on February 16, 2016.  Dkt. 12.  Defendants were served with the Order and other related papers on February 19, 2016.  Returns of Service were filed by Plaintiff via ECF.  Dkts. 20-22.  A Show Cause Hearing has been scheduled for March 1, 2016.  Dkt. 14.  The Court set a deadline of February 28, 2016, for defendants to file an opposition to Plaintiff's request for entry of preliminary injunction.  Defendants have not filed any responsive pleadings.

Having considered the parties' pleadings, papers, and argument, the Court hereby **GRANTS** the Preliminary Injunction against Defendants TOBIAS WEST aka Tobey West, Toby West, and Eric West, and KOMAL WEST.

## FINDINGS

1.      This Court has jurisdiction over the subject matter of this case, and there is good cause to believe it will have jurisdiction over all parties hereto.

2.      There is good cause to believe that venue is proper in this District.

3.      There is good cause to believe that Individual Defendants have engaged and are likely to continue to engage in acts or practices that violate Section 5(a) of the FTC Act, the TSR, and the MARS Rule, and that the FTC is therefore likely to prevail on the merits of this action.

4.      There is good cause to believe that consumers will suffer immediate and irreparable harm from Individual Defendants' ongoing violations of Section 5(a) of the FTC Act, the TSR, and MARS Rule unless Individual Defendants are restrained and enjoined by Order of this Court.

5.      There is good cause to believe that immediate and irreparable damage to the Court's ability to grant effective final relief for consumers in the form of

monetary restitution and disgorgement of ill-gotten gains will occur from the sale, transfer, dissipation, or concealment by Individual Defendants of their assets or business records unless Individual Defendants are immediately restrained and enjoined by Order of this Court.

6.      Weighing the equities and considering the FTC's likelihood of ultimate success, the entry of this preliminary injunction with asset freeze, appointment of a receiver, immediate access to business premises, and other equitable relief is in the public interest.

7.      No security is required of any agency of the United States for the issuance of a preliminary injunction order.  Fed. R. Civ. P. 65(c).

## DEFINITIONS

For the purposes of this Preliminary Injunction the following definitions apply:

For the purposes of this Preliminary Injunction the following definitions apply:

A.      "**Asset**" or "**Assets**" means any legal or equitable interest in, right to, or claim to, any real and personal property of any Individual Defendant, or held for the benefit of any Individual Defendant, wherever located, whether in the United States or abroad, including, but not limited to, chattel, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, contracts, mail or other deliveries, shares of stock, commodities, futures, inventory, checks, notes, accounts, credits, receivables (as those terms are defined in the Uniform Commercial Code), cash, and trusts, including, but not limited to, any trust held for the benefit of any Individual Defendant, any of the Individual Defendant's minor children, or any of the Individual Defendant's spouses, and shall include both existing assets and assets acquired after the date of entry of this Order, or any interest therein.

B.      "**Assisting others**" includes: (1) performing customer service functions, including receiving or responding to consumer complaints; (2)

formulating or providing, or arranging for the formulation or provision of, any advertising or marketing material, including any telephone script, direct mail solicitation, or the design, text, or use of images of any Internet website, email, or other  electronic communication; (3) formulating or providing, or arranging for the formulation or provision of, any marketing support material or service, including web or Internet Protocol  addresses or domain name registration for any Internet websites, affiliate marketing services, or media placement services; (4) providing names of, or assisting in the generation of, potential customers; (5) performing marketing, billing, or payment services of any kind; (6) acting or serving as an owner, officer, director, manager, or principal of any entity; or (7) providing telemarketing services.

C.       "**Debt relief service**" means any program or service represented, directly or by implication, to renegotiate, settle, or in any way alter the terms of payment or other terms of the debt between a person and one or more unsecured creditors or debt collectors, including, but not limited to, a reduction in the balance, interest rate, or fees owed by a person to an unsecured creditor or debt collector.

D.       "**Individual Defendants**" means Tobias West and Komal West, individually, collectively, or in any combination, and each of them by whatever names each might be known.

E.       "**Document" and "electronically stored information**" are synonymous in meaning and equal in scope to the usage of the terms in Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure.

F.       "**Electronic data host**" means any person or entity that stores, hosts, or otherwise maintains electronically stored information.

G.       "**Financial institution**" means any bank, savings and loan institution, credit union, or any financial depository of any kind, including, but not limited to, any brokerage house, trustee, broker-dealer, escrow agent, title company, commodity trading company, or precious metal dealer.

H.     "**Material fact**" means any fact that is likely to affect a person's choice of, or conduct regarding, goods, or services.

I.     "**Mortgage assistance relief service" or "MARS**" means any product, service, plan, or program, offered or provided to the consumer in exchange for consideration, that is represented, expressly or by implication, to assist or attempt to assist the consumer with any of the following:

1.     stopping, preventing, or postponing any mortgage or deed of trust foreclosure sale for the consumer's dwelling, any repossession of the consumer's dwelling, or otherwise saving the consumer's dwelling from foreclosure or repossession;

2.     negotiating, obtaining, or arranging a modification of any term of a dwelling loan, including a reduction in the amount of interest, principal balance, monthly payments, or fees;

3.     obtaining any forbearance or modification in the timing of payments from any dwelling loan holder or servicer on any dwelling loan;

4.     negotiating, obtaining, or arranging any extension of the period of time within which the consumer may (i) cure his or her default on a dwelling loan, (ii) reinstate his or her dwelling  loan, (iii) redeem a dwelling, or (iv) exercise any right to reinstate a dwelling loan or redeem a dwelling;

5.     obtaining any waiver of an acceleration clause or balloon payment contained in any promissory note or contract secured by any dwelling; or

6.     negotiating, obtaining, or arranging (i) a short sale of a dwelling, (ii) a deed-in-lieu of foreclosure, or (iii) any other disposition of a dwelling other than a sale to a third party who is not the dwelling loan holder.  The foregoing shall include any manner of claimed assistance, including, but not limited to, auditing or examining a consumer's mortgage or home loan application and offering to provide or providing legal services, or offering to sell a consumer a plan or subscription to a service that provides such assistance.

J.    "**Person**" means a natural person, organization, or other legal entity, including a corporation, partnership, proprietorship, association, cooperative, or any other group or combination acting as an entity.

K.    "**Receivership Defendants**" means Good EBusiness, LLC, also d/b/a AAP Firm; Student Loan Help Direct; Select Student Loan; Select Student Loan Help, LLC; and Select Document Preparation, Inc.

L.    "**Receiver**" means the Receiver appointed in Section XV of the Temporary Restraining Order ("TRO") entered in this matter on February 16, 2016.  Dkt. 12.  The term "Receiver" also includes any deputy receivers or agents as may be named by the Receiver.

M.    "Telemarketer" means any person who, in connection with telemarketing, initiates or receives telephone calls to or from a customer or donor. 16 C.F.R. § 310.2(cc).

N.    "Telemarketing" means a plan, program, or campaign (whether or not covered by the TSR, 16 C.F.R. Part 310) that is conducted to induce the purchase of goods or services or a charitable contribution by use of one or more telephones.

I.    **PROHIBITION ON COLLECTION OF ADVANCE FEES**

**IT IS THEREFORE ORDERED** that Individual Defendants and their officers, agents, employees, and attorneys, and those persons or entities in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or through any corporation, subsidiary, division, or other device, are hereby preliminarily restrained and enjoined from:

A.    In connection with providing, offering to provide, or arranging for others to provide any MARS, requesting or receiving payment of any fee or other consideration for any MARS before the consumer has executed a written agreement with the consumer's dwelling loan holder or servicer incorporating the offer of mortgage assistance relief that a Individual Defendant obtained from the consumer's dwelling loan holder or servicer on the consumer's behalf, in violation

of MARS Rule, 12 C.F.R. § 1015.5(a); and

B.      In connection with providing, offering to provide, or arranging for others to provide any debt relief service, requesting or receiving payment of any fees or consideration for any debt relief service before the seller or telemarketer has renegotiated, settled, reduced, or otherwise altered the terms of at least one debt pursuant to a settlement agreement, debt management plan, or other such valid contractual agreement executed by the customer, and the customer has made at least one payment pursuant to that settlement agreement, debt management plan, or other valid contractual agreement between the customer and the creditor or debt collector, in violation of the TSR, 16 C.F.R. § 310.4(a)(5)(i).

## II.      REPRESENTATIONS PROHIBITED BY SECTION 5 OF THE FTC ACT

**IT IS FURTHER ORDERED** that Individual Defendants and their officers, agents, employees, and attorneys, and those persons or entities in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or through any corporation, subsidiary, division, or other device, in connection with the advertising, marketing, promotion, offering for sale, sale, or provision of any MARS or debt relief service, are hereby preliminarily restrained and enjoined from misrepresenting or assisting others in misrepresenting, expressly or by implication that:

A.      Individual Defendants typically will obtain mortgage loan modifications for consumers that will make consumers' payments substantially more affordable, substantially lower their interest rates, or help them avoid foreclosure;

B.      Individual Defendants will provide legal services, including forensic audits;

C.      Individual Defendants will refund the consumer's fee if Defendants fail to obtain the promised mortgage loan modification or other debt relief.

D.      Individual Defendants can renegotiate, settle, or alter the terms of payment for consumers' student loan debts to secure a specified lower monthly loan payment, loan forgiveness, or removal of tax liens and wage garnishments;

E.      The promised debt relief is guaranteed;

F.      Consumers can only obtain the promised debt relief by paying Individual Defendants' advance fee;

G.      Individual Defendants are affiliated with or work directly with the U.S. Department of Education ("USDOE"), the government, or consumers' loan servicer; and

I.      Consumers will not be responsible for the interest that accrues while Individual Defendants are providing the promised debt relief service.

## III.    REPRESENTATIONS PROHIBITED AND DISCLOSURES REQUIRED BY THE MARS RULE

**IT IS FURTHER ORDERED** that Individual Defendants and their officers, agents, employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order, whether acting directly or through any corporation, subsidiary, division, or other device, in connection with the advertising, marketing, promotion, offering for sale, sale, or provision of any MARS or debt relief service, are hereby preliminarily restrained and enjoined from engaging in the following conduct:

A.      Representing, expressly or by implication, that a consumer cannot or should not contact or communicate with his or her lender or servicer, in violation of 12 C.F.R. § 1015.3(a);

B.      Misrepresenting, expressly or by implication, any material aspect of any MARS, including, but not limited to:

1.      The likelihood of negotiating, obtaining, or arranging any represented service or result, including, but not limited to, the likelihood of negotiating, obtaining, or arranging a modification of any term of a dwelling loan,

including a reduction in the amount of interest, principal balance, monthly payments, or fees, in violation of 12 C.F.R. § 1015.3(b)(1);

2.      The amount of time it will take the MARS provider to accomplish any represented service or result, in violation of 12 C.F.R. § 1015.3(b)(2);

3.      That a MARS is affiliated with, endorsed or approved by, or otherwise associated with the government or the maker, holder, or servicer of the consumer's dwelling loan, in violation of 12 C.F.R. § 1015.3(b)(3);

4.      The terms or conditions of any refund, cancellation, exchange, or repurchase policy for a MARS, including, but not limited to, the likelihood of obtaining a full or partial refund, or the circumstances in which a full or partial refund will be granted, for a MARS, in violation of 12 C.F.R. § 1015.3(b)(6); or

5.      That the consumer will receive legal representation, in violation of 12 C.F.R. § 1015.3(b)(8);

C.      Failing to disclose the following information in all general and consumer-specific commercial communications:

1.      "[Name of Company] is not associated with the government, and our service is not approved by the government or your lender," in violation of 12 C.F.R. § 1015.4(a)(1) and (b)(2); and

2.       "Even if you accept this offer and use our service, your lender may not agree to change your loan," in violation of 12 C.F.R. § 1015.4(a)(2) and (b)(3);

D.      Failing to disclose the following information in all consumer-specific commercial communications:  "You may stop doing business with us at any time. You may accept or reject the offer of mortgage assistance we obtain from your lender [or servicer].  If you reject the offer, you do not have to pay us.  If you accept the offer, you will have to pay us [insert amount or method for calculating the amount] for our services," in violation of 12 C.F.R. § 1015.4(b)(1).  For the

purposes of this section, the amount "you will have to pay" shall consist of the total amount the consumer must pay to purchase, receive, and use all of the MARS that are the subject of the sales offer, including but not limited to, all fees and charges.

## IV.   REPRESENTATIONS PROHIBITED AND DISCLOSURES REQUIRED BY THE TSR

**IT IS FURTHER ORDERED** that Individual Defendants and their officers, agents,  employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order, whether acting directly or indirectly, in connection with advertising, marketing, promotion, offering for sale, sale, or provision of any debt relief service, are hereby preliminarily restrained and enjoined from engaging in the following conduct:

A.     Misrepresenting, expressly or by implication, that Individual Defendants can renegotiate, settle, or alter the terms of payment for the consumer's student loan debt to secure a specified lower monthly loan payment, loan forgiveness, and  removal of tax liens and wage garnishments;

B.     Misrepresenting, expressly or by implication, that the promised debt relief is guaranteed and if Individual Defendants are unable to secure the promised debt relief they will fully refund the advance fee to the consumer;

C.     Misrepresenting, expressly or by implication, that Individual Defendants are affiliated with or work directly with the USDOE, the government, or the consumer's loan servicer; and

D.     Failing to truthfully disclose, in a clear and conspicuous manner, before a consumer has agreed to pay for  student loan debt relief services, that to the extent the debt relief service relies on or results in the customer's failure to make timely payments to creditors or debt collectors,  the use of the debt relief service may increase the amount of money the customer owes due to the accrual of fees and interest.

## V. **PRESERVATION OF RECORDS AND TANGIBLE THINGS**

**IT IS FURTHER ORDERED** that Individual Defendants and their officers, agents, employees, and attorneys, and those persons or entities in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, promotion, offering for sale, sale, or provision of any MARS or other debt relief service, are hereby preliminarily enjoined from destroying, erasing, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, any documents or records that relate to the business practices, or business or personal finances, of Individual Defendants, or an entity directly or indirectly under the control of Individual Defendants.

## VI. **DISABLEMENT OF WEBSITES AND PRESERVATION OF ELECTRONICALLY STORED INFORMATION**

**IT IS FURTHER ORDERED** that immediately upon service of the Order upon them and pending determination of the FTC's request for a preliminary injunction, (1) any person hosting any Internet website, server, or cloud-based electronic storage for, or on behalf of, any Individual Defendant, and (2) Individual Defendants and their officers, agents, employees, and attorneys, and those persons or entities in active concert or participation with any of them, who receive actual notice of this Order by personal service, facsimile transmission, email, or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, shall:

A.     Immediately take all necessary steps to ensure that any Internet website used by Individual Defendants for the advertising, marketing, promotion, offering for sale, sale, or provision of any MARS or other debt relief service, and containing statements or representations prohibited by Sections II, III, and IV of this Order, cannot be accessed by the public; and

B.     Prevent the alteration, destruction or erasure of any (1) Internet website used by Individual Defendants for the advertising, marketing, promotion,

offering for sale, sale, or provision of any MARS or other debt relief service, by preserving such websites in the format in which they are maintained currently, and (2) any electronically stored information stored on behalf of Individual Defendants or entities in active concert or participation with any of them.

## VII.  SUSPENSION OF INTERNET DOMAIN NAME REGISTRATIONS

**IT IS FURTHER ORDERED** that, pending determination of the FTC's request for a permanent injunction, any domain name registrar shall suspend the registration of any Internet website used by Individual Defendants for the advertising, marketing, promotion, offering for sale, sale, or provision of any MARS or other debt relief service, and containing statements or representations prohibited by Sections II, III, IV of this Order.

## VIII.  PROHIBITION ON USE OF CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that, except as required by a law enforcement agency, law, regulation, or court order, Individual Defendants, and their officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are preliminarily restrained and enjoined from using, benefitting from, selling, renting, leasing, transferring, or otherwise disclosing consumer information, including the name, address, telephone number, email address, Social Security Number, credit card number, debit card number, bank account number, any financial account number or any data that enables access to a customer's account, or other identifying information of any person which any Individual Defendant obtained prior to entry of this Order in connection with the marketing or sale of any good or service, including those who were contacted or are on a list to be contacted by any of the Individual Defendants.

## IX.  ASSET FREEZE

**IT IS FURTHER ORDERED** that Individual Defendants, and their officers, agents, employees, and attorneys, and all persons or entities directly or indirectly under the control of any of them, including any Financial Institution, and

all other persons or entities in active concert or participation with any of them who receive actual notice of this Order, are hereby preliminarily restrained and enjoined from directly or indirectly:

      A.    Transferring, liquidating, converting, encumbering, pledging, loaning, selling, concealing, dissipating, disbursing, assigning, spending, withdrawing, granting a lien or security interest or other interest in, or otherwise disposing of any Assets, or any interest therein, wherever located, including outside the United States, that are:

      1.    owned or controlled, directly or indirectly, by any Individual Defendant, in whole or in part, or held, in whole or in part, for the benefit of any Individual Defendant;

      2.    in the actual or constructive possession of any Individual Defendant;

      3.    owned, controlled by, or in the actual or constructive possession of any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by, or under common control with any Individual Defendant, or any other entity acting under a fictitious name owned by or controlled by any Individual Defendant, and any Assets held by, for, or under the name of any Individual Defendant at any bank or savings and loan institution, or with any broker-dealer, escrow agent, title company, commodity trading company, payment processing company, precious metal dealer, or other financial institution or depository of any kind;

      B.    Opening or causing to be opened any safe deposit boxes titled in the name of any Individual Defendant, or subject to access by any Individual Defendant;

      C.    Incurring charges or cash advances on any credit card, debit card, or checking card issued in the name, singly or jointly, of any Individual Defendant;

      D.    Obtaining a personal or secured loan;

1        E.      Incurring liens or encumbrances on real property, personal property or

2 other Assets in the name, singly or jointly, of any Individual Defendant; and

3        F.      Cashing any checks or depositing any money orders or cash received

4 from consumers, clients, or customers of any Individual Defendant.

5        The Assets affected by this Section shall include:  (1) all Assets of

6 Individual Defendants as of the time this Order is entered; and (2) for Assets

7 obtained after the time this Order is entered, those Assets of Individual Defendants

8 that are derived, directly or indirectly, from the Individual Defendants' activities as

9 described in the FTC's Complaint.  This Section does not prohibit transfers to the

10 Receiver, as specifically required in Section XVIII (Delivery of Receivership

11 Property) of the TRO entered in this matter on February 16, 2016.  Dkt. 12.

12 **X.**   **RETENTION OF ASSETS AND DOCUMENTS BY THIRD PARTIES**

13        **IT IS FURTHER ORDERED** that, pending determination of the FTC's

14 request for a permanent injunction, any financial or brokerage institution, business

15 entity, electronic data host, or person served with a copy of this Order that holds,

16 controls, or maintains custody of any account, document, electronically stored

17 information, or asset of, on behalf of, in the name of, for the benefit of, subject to

18 withdrawal by, subject to access or use by, or under the signatory power of any

19 Individual Defendant, or has held, controlled, or maintained any such account,

20 document, electronically stored information, or asset at any time shall:

21        A.      Hold, preserve, and retain within such entity's or person's control, and

22 prohibit the withdrawal, removal, alteration, assignment, transfer, pledge,

23 hypothecation, encumbrance, disbursement, dissipation, conversion, sale,

24 liquidation, or other disposal of such account, document, electronically stored

25 information, or asset held by or under such entity's or person's control, except as

26 directed by further order of the Court or as directed in writing by the FTC and the

27 Individual Defendants regarding accounts, documents, or electronically stored

28 information, or asset held in the name of or benefit of any Individual Defendant;

        B.      Provide the FTC and the FTC's agents immediate access to

electronically stored information stored, hosted, or otherwise maintained on behalf of Individual Defendants for forensic imaging;

      C.     Deny access to any safe deposit box titled in the name, individually or jointly, or subject to access by, any Individual Defendant;

      D.     Provide to counsel for the FTC, within seven (7) business days of being served with a copy of this Order a sworn statement setting forth:

          1.     the identification number of each account or asset titled: (a) in the name, individually or jointly, of any Individual Defendant; (b) held on behalf of, or for the benefit of, any Individual Defendant; (c) owned or controlled by any Individual Defendant; or (d) otherwise subject to withdrawal access or use by, or under the signatory power of any Individual Defendant;

          2.     the balance of each such account, or a description of the nature and value of such asset, as of the close of business on the day on which this Order is served;

          3.     the identification of any safe deposit box that is either titled in the name of, individually or jointly, or is otherwise subject to access or control by, any Individual Defendant; and

          4.     if the account, safe deposit box, or other asset has been closed or removed, the date closed or removed, the balance or value on said date, and the name or the person or entity to whom such account or asset was remitted;

      E.     Provide to counsel for the FTC within seven (7) business days after being served with a request, copies of all documents pertaining to such account or asset, including, but not limited to: originals or copies of account applications, account statements, underwriting files, chargeback records, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs; provided that such institution or custodian may charge a reasonable fee;

F.      Cooperate with all reasonable requests of the FTC relating to this Order's implementation;

G.      The Assets subject to this provision include: (a) all Assets of each Individual Defendant deposited as of the time this Order is entered, and (b) those Assets deposited after entry of this Order that are derived from the actions alleged in Plaintiff's Complaint; and

H.      The FTC is granted leave, pursuant to Fed. R. Civ. P. 45, to subpoena documents immediately from any financial or brokerage institution, business entity, electronic data host, or person served with a copy of this Order that holds, controls, or maintains custody of any account, document, electronically stored information, or asset of, on behalf of, in the name of, for the benefit of, subject to withdrawal by, subject to access or use by, or under the signatory power of any Individual Defendant or other party subject to Section IX above, or has held, controlled, or maintained any such account, document, electronically stored information, or asset at any time, and such financial or brokerage institution, business entity, electronic data host, or person shall respond to such subpoena within three (3) business days after service.  The FTC may effect service by facsimile or electronic mail.

## XI.   FINANCIAL STATEMENTS AND ACCOUNTING

**IT IS FURTHER ORDERED** that each Individual Defendant, within seven (7) business days of service of this Order, shall prepare and deliver to counsel for the FTC and to the Receiver:

A.      For the Individual Defendants, a completed financial statement accurate as of the date of service of this Order upon such Individual Defendant on the form of Attachment A to this Order captioned "Financial Statement of Individual Defendant";

B.      For each of the Corporate Defendants, a completed financial statement accurate as of the date of service of this Order upon such Individual Defendant

(unless otherwise agreed upon with FTC counsel) in the form of Attachment B to this Order captioned "Financial Statement of Corporate Defendant";

C.     For all Defendants, a list of all officers and directors of the Corporate Defendants and all other individuals or entities with authority to direct the operations of the Corporate Defendants or withdraw money from the accounts of the Corporate Defendants; and

D.     For Individual Defendant, a completed statement, verified under oath, of all payments, transfers or assignments of funds, assets, or property worth $2,500 or more since January 1, 2012. Such statement shall include: (a) the amount transferred or assigned; (b) the name of each transferee or assignee; (c) the date of the transfer or assignment; (d) the method of the transfer or assignment, including the name of each Financial Institution and the accounts involved; and (e) the type and amount of consideration paid the Individual Defendant.

## XII.   CONSUMER CREDIT REPORTS

**IT IS FURTHER ORDERED** that pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(1), any consumer reporting agency may furnish to the FTC a consumer report concerning any Individual Defendant.

## XIII.   REPATRIATION OF FOREIGN ASSETS

**IT IS FURTHER ORDERED** that, within five (5) business days following the service of this Order, each Individual Defendant shall:

A.     Provide counsel for the FTC with a full accounting of all assets, accounts, funds, and documents outside of the territory of the United States that are held either:  (1) by them; (2) for their benefit; (3) in trust by or for them, individually or jointly; or (4) under their direct or indirect control, individually or jointly;

B.     Transfer to the territory of the United States all assets, accounts, funds, and documents in foreign countries held either:  (1) by them; (2) for their benefit; (3) in trust by or for them, individually or jointly; or (4) under their direct

or indirect control, individually or jointly; Hold and retain all repatriated assets, accounts, funds, and documents, and prevent any transfer, disposition, or dissipation whatsoever of any such assets, accounts, funds, or documents; and

C.   Provide the FTC access to all records of accounts or assets of the Corporate Defendants and Individual Defendants held by financial institutions located outside the territorial United States by signing the Consent to Release of Financial Records attached to this Order as **Attachment C**.

## XIV.  <u>NON-INTERFERENCE WITH REPATRIATION</u>

**IT IS FURTHER ORDERED** that Individual Defendants, and each of their successors, assigns, members, officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any entity, corporation, subsidiary, division, affiliate or other device, are hereby preliminarily restrained and enjoined from taking any action, directly or indirectly, which may result in the encumbrance or dissipation of foreign assets, or in the hindrance of the repatriation required by Section XIII of this Order, including but not limited to:

A.   Sending any communication, statement, letter, fax, e-mail or wire transmission, telephoning or engaging in any other act, directly or indirectly, that results in a determination by a foreign trustee or other entity that a "duress" event has occurred under the terms of a foreign trust agreement, until such time that all assets have been fully repatriated pursuant to Section XIII of this Order; and

B.   Notifying any trustee, protector or other agent of any foreign trust or other related entities of either the existence of this Order, or of the fact that repatriation is required pursuant to a Court Order, until such time that all assets have been fully repatriated pursuant to Section XIII.

## XV. **COOPERATION WITH THE RECEIVER**

**IT IS FURTHER ORDERED** that Individual Defendants and their officers, agents, directors, servants, employees, salespersons, independent contractors, attorneys, corporations, subsidiaries, affiliates, successors, and assigns, all other persons or entities in active concert or participation with them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, shall fully cooperate with and assist the Receiver.  Individual Defendants' cooperation and assistance shall include, but not be limited to, providing any information to the Receiver that the Receiver deems necessary to exercise the authority and discharge the responsibilities of the Receiver under this Order; providing any login, password or biometric identifier required to access any computer or electronic files or information in or on any medium; and advising all persons who owe money to the Receivership Defendants that all debts should be paid directly to the Receiver.  Individual Defendants are hereby restrained and enjoined from directly or indirectly:

A.     Transacting any of the business of the Receivership Defendants;

B.     Excusing debts owed to the Receivership Defendants;

C.     Destroying, secreting, erasing, mutilating, defacing, concealing, altering, transferring, or otherwise  disposing of any documents, electronically stored information, or equipment of any Receivership Defendant;

D.     Transferring, receiving, altering, selling, encumbering, pledging, assigning, liquidating, or otherwise disposing of any Assets owned, controlled, or in the possession or custody of, or in which an interest is held or claimed by, the Receivership Defendants, or the Receiver;

F.     Failing to provide any assistance or information requested by the Receiver in connection with obtaining possession, custody, or control of any Assets within the receivership estate that the Receiver or the FTC has identified; or

G.     Doing any act or thing whatsoever to interfere with the Receiver's taking and keeping custody, control, possession, or managing of the Assets or documents subject to this receivership; or to harass or interfere with the Receiver in any way; or to interfere in any manner with the exclusive jurisdiction of this Court over the Assets or documents of the Receivership Defendants; or to refuse to cooperate with the Receiver or the Receiver's duly authorized agents in the exercise of their duties or authority under any Order of this Court.

## XVI.  DELIVERY OF RECEIVERSHIP PROPERTY

**IT IS FURTHER ORDERED** that:

A.     Immediately upon service of this Order upon them or upon their otherwise obtaining actual knowledge of this Order, or within a period permitted by the Receiver, Individual Defendants or any other person or entity, including but not limited to financial institutions and electronic data hosts, shall transfer or deliver access to, possession, custody, and control of the following to the Receiver:

1.     All assets of the Receivership Defendants;

2.     All documents and electronically stored information of the Receivership Defendants, including, but not limited to, books and records of accounts, all financial and accounting records, balance sheets, income statements, bank records (including monthly statements, canceled checks, records of wire transfers, records of ACH transactions, and check registers), client or customer lists, title documents and other papers;

3.     All assets belonging to members of the public now held by the Receivership Defendants;

4.     All keys, computer and other passwords, entry codes, combinations to locks required to open or gain or secure access to any assets or documents of the Receivership Defendants, wherever located, including, but not limited to, access to their business premises, means of communication, accounts, computer systems, or other property; and

5.      Information identifying the accounts, employees, properties, or other assets or obligations of the Receivership Defendants.

B.      In the event any person or entity fails to deliver or transfer immediately any asset or otherwise fails to comply with any provision of this Section XVI, the Receiver may file *ex parte* with the Court an Affidavit of Non-Compliance regarding the failure.  Upon filing of the affidavit, the Court may authorize, without additional process or demand, Writs of Possession or Sequestration or other equitable writs requested by the Receiver.  The writs shall authorize and direct the United States Marshal or any sheriff or deputy sheriff of any county (pursuant to Fed. R. Civ. P. 4(c)(1)) to seize the asset, document, or other thing and to deliver it to the Receiver.

## XVII. <u>SMART PHONES AND TABLETS</u>

**IT IS FURTHER ORDERED** that if Individual Defendants possess a smartphone or tablet on receivership premises, such Individual Defendants will turn over the device to the Receiver for imaging.  Within two business days, the Receiver will return the device, provide them with a copy of the data imaged, provide the FTC with a copy, and retain a copy.  The Receiver may request that the FTC conduct the imaging, but only under the Receiver's supervision.

## XVIII.  <u>CORRESPONDENCE WITH PLAINTIFF</u>

**IT IS FURTHER ORDERED** that, for the purposes of this Order, because mail addressed to the FTC is subject to delay due to heightened security screening, all correspondence and service of pleadings on Plaintiff shall be sent via electronic submission and Federal Express to:

Eleanor Durham
Federal Trade Commission
915 Second Ave., Suite 2896
Seattle, WA 98174
edurham@ftc.gov
with a copy to:
Stacy Procter

Federal Trade Commission
10877 Wilshire Blvd., Suite 700
Los Angeles, CA 90024
sprocter@ftc.gov

## XIX.  LIMITED EXPEDITED DISCOVERY

**IT IS FURTHER ORDERED** that the FTC is granted leave to conduct certain expedited discovery, and that, commencing with the time and date of this Order, in lieu of the time periods, notice provisions, and other requirements of Rules 26, 30, 34, and 45 of the Federal Rules of Civil Procedure, expedited discovery as to parties and non-parties shall proceed as follows:

A.     The FTC may, upon three (3) calendar days' notice, take the deposition of any person or entity, whether or not a party, in any judicial district, for the purpose of discovering:  (1) the assets of Individual Defendants; (2) location of documents; and (3) compliance with this Order.  Depositions may be conducted telephonically or in person.  Deposition transcripts that have not been signed by the witness may be used at the preliminary injunction hearing in this matter.  *Provided that,* notwithstanding Federal Rule of Civil Procedure 30(a)(2), this Section shall not preclude any future depositions by the FTC.  *Provided further,* that any deposition taken pursuant to this Section shall be in addition to, and not subject to, the presumptive limits on depositions set forth in Federal Rule of Civil Procedure 30(a)(2)(A).

B.     The FTC may serve interrogatories for the purpose of discovering: (1) the assets of Individual Defendants; (2) location of documents; and (3) compliance with this Order.  Individual Defendants shall respond within five (5) calendar days after the FTC serves such interrogatories.  *Provided that,* notwithstanding Federal Rule of Civil Procedure 33(a)(1), this Subsection shall not preclude any future interrogatories by the FTC.

C.     The FTC may, upon five (5) calendar days' notice, including through the use of a Rule 45 Subpoena, demand the production of documents from any

person or entity, whether or not a Individual Defendant, relating to: (1) the assets of Individual Defendants; (2) the location of documents; and (3) compliance with this Order. *Provided that* two (2) calendar days' notice shall be deemed sufficient for the production of any such documents that are maintained or stored only as electronic data.

D.     The FTC is granted leave to subpoena documents immediately from any financial institution, account custodian, or other entity or person that holds, controls, or maintains custody of any account or asset of any Individual Defendant, or has held, controlled or maintained custody of any account or asset of any Individual Defendant. The subject of such Subpoena may include the nature, location, status, and extent of Individual Defendants' assets, and compliance with this Order, and such financial institution, account custodian or other entity shall respond to such subpoena within five (5) business days after service.

E.     For purposes of discovery pursuant to this Section, service shall be sufficient if made by facsimile or by overnight courier to any branch or location.

## XX.   SERVICE OF THIS ORDER

**IT IS FURTHER ORDERED** that copies of this Order may be served by facsimile, email, hand-delivery, personal or overnight delivery, or U.S. Mail, by agents and employees of the FTC or any state or federal law enforcement agency or by private process server, upon any Financial Institution or other entity or person that may have possession, custody, or control of any documents or assets of any Individual Defendant, or that may otherwise be subject to any provision of this Order. Service upon any branch or office of any Financial Institution shall effect service upon the entire Financial Institution.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## XXI. **DISTRIBUTION OF ORDER**

**IT IS FURTHER ORDERED** that within three (3) calendar days after service of this Order, Individual Defendants shall provide a copy of this Order to each of their agents, employees, directors, officers, subsidiaries, affiliates, attorneys, independent contractors, representatives, franchisees, and all persons in active concert or participation with Individual Defendants.  Within five (5) calendar days following this Order, Individual Defendants shall provide the FTC with an affidavit identifying the names, titles, addresses, and telephone numbers of the persons that Individual Defendants have served with a copy of this Order in compliance with this provision.

## XXII. **RETENTION OF JURISDICTION**

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all purposes of construction, modification, and enforcement of this Order.

**IT IS SO ORDERED,** this 29th day of ___February_____, 2016, at ___---_____ AM/PM, Pacific Standard Time.

UNITED STATES DISTRICT JUDGE

**24**